**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**JESSE JAMES NELSON**,

      **Petitioner,**

v.                                                              **Case No.: 2:18-cv-00970**

**PATRICK A. MIRANDY,
Superintendent, St. Mary's
Correctional Center,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner's Application to Proceed Without Prepayment of Fees and Costs and his *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF Nos. 1, 2). This case is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and by Standing Order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

After thorough consideration of the record, the undersigned conclusively **FINDS** that Petitioner was not "in custody" on the conviction he challenges at the time he filed the instant action. Consequently, this Court lacks jurisdiction to consider the petition. 28 U.S.C. §2254(a). As such, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** Petitioner's Application to Proceed Without Prepayment of Fees and Costs, as moot; **DENY** the Petition for a Writ of Habeas Corpus; and **DISMISS** this case, removing it from the active docket of the court.

## I.    <u>Introduction</u>

Petitioner asks this Court to overturn a refusal by the Supreme Court of Appeals of West Virginia to grant him habeas corpus relief on a 2013 conviction entered by the Circuit Court of Kanawha County, West Virginia. However, at the time Petitioner filed his action in this Court, his sentence on the challenged conviction had fully expired; thus, Petitioner cannot satisfy the jurisdictional requirement of 28 U.S.C. § 2254(a).

## II.    <u>Relevant Facts and Procedural History</u>

On April 11, 2013, Petitioner waived his right to prosecution by indictment and pled guilty in Felony Information No. 13-F-273, pending in the Circuit Court of Kanawha County, West Virginia, to one count of First Degree Sexual Abuse. (ECF No. 10-1 at 6-13). Petitioner was sentenced to a term of not less than one year and not more than five years of imprisonment and fifty years of supervised release. (*Id.* at 14-18). Petitioner was remanded to the custody of the West Virginia Division of Corrections to serve his sentence. (*Id.* at 18).

In March 2015, Petitioner was released from prison and began serving his term of supervised release. (*Id.* at 22). On July 9, 2015, Petitioner was charged with multiple violations of supervised release. He pled guilty to some of those charges on July 20, 2015. (*Id.* at 19-21). Petitioner was sentenced to two years' imprisonment, with credit given for time served, and was ordered to finish the remainder of his term of supervised release upon completion of the two-year sentence. (*Id.*).

During the summer of 2015, while Petitioner was serving his two-year sentence for violating the terms of supervised release, the State of West Virginia received the results of DNA specimens collected from the victim in Petitioner's sexual abuse case. The DNA excluded Petitioner as the perpetrator of the crime. The State disclosed the DNA results

to Petitioner's defense attorney, who moved for a court order releasing Petitioner from additional supervision. (ECF No. 10-1 at 22-24). On March 17, 2016, the Circuit Court of Kanawha County entered an Order granting the motion and ordering that Petitioner's supervision would terminate immediately upon his release from prison. (*Id.* at 25). On April 29, 2016, the State of West Virginia, Division of Corrections, issued an Official Certificate of Discharge, indicating that effective June 23, 2016, Petitioner would be discharged from custody by expiration of his sentence for violations of supervised release. (*Id.* at 27). A Final Disposition Report confirmed the same discharge date. (*Id.* at 28). Therefore, as of June 23, 2016, Petitioner's original sentence and his sentence for the supervised release revocation were fully expired, and he was no longer subject to supervised release related to the 2013 Sexual Abuse conviction.

In August 2017, a Kanawha County grand jury returned an indictment against Petitioner, charging him with eight counts of failure to register as a sex offender in violation of West Virginia law. (ECF No. 10-1 at 30-34). Petitioner pled guilty to two counts of the indictment on September 18, 2017 and was sentenced on November 1, 2017 to two concurrent terms of not less than one nor more than five years of imprisonment, with credit for time served. (*Id.* at 37-45). Petitioner is currently incarcerated at the St. Mary's Correctional Center with a projected release date of September 13, 2019. (*Id.* at 3).

On May 16, 2018, Petitioner mailed the instant petition for a writ of habeas corpus, in which he challenges his 2013 conviction for First Degree Sexual Abuse. (ECF No. 1 at 1). Petitioner explains that, in September 2017, he filed proceedings in the Supreme Court of Appeals of West Virginia, presumably to have the 2013 conviction set aside. (*Id.* at 2-5). According to Petitioner, he advised the Supreme Court of Appeals that results of recent forensic testing exonerated him of the crime; therefore, the conviction lacked an

3

evidentiary basis. The West Virginia Supreme Court rejected his petition nonetheless. (*Id.* at 3). Accordingly, Petitioner now asks this Court to "overturn [the] appeal." (*Id.* at 14).

## III.  <u>Discussion</u>

To pursue relief under 28 U.S.C. § 2254, a petitioner must be "in custody pursuant to the judgment of a State court."  28 U.S.C. § 2254(a). "The Supreme Court has construed this provision to be jurisdictional and to require that 'the habeas petitioner be '*in custody*' *under the conviction or sentence under attack* at the time the petition is filed.'" *Wilson v. Flaherty,* 689 F.3d 332, 336 (4th Cir. 2012) (citing *Maleng v. Cook,* 490 U.S. 488, 490-91 (1989)) (emphasis added by *Wilson* court). While the petitioner need not be physically confined in a correctional facility to be considered "in custody," he must be subject to conditions of his sentence that significantly restrain his liberty; for example, supervised release, parole, or community service. *Wilson,* 689 F.3d at 336; *see, also, Bonser v. District Attorney Monroe Cty,* 659 Fed. Appx. 126, 128 (3d Cir. 2016) (citing *Virsnieks v. Smith,* 521 F.3d 707, 717 (7th. Cir. 2008)).

In this case, by March 2015, Petitioner had completed the sentence of imprisonment imposed pursuant to the 2013 conviction he seeks to challenge. He was then placed on supervised released related to that conviction. Accordingly, he was still "in custody" at that time. His supervised release was revoked in July 2015, and he was again imprisoned. By June 23, 2016, however, Petitioner had completed the full sentence of imprisonment related to his supervised release revocation. Effective that same date, his supervised release was terminated. Consequently, as of June 23, 2016, Petitioner was no longer "in custody" under the 2013 conviction for First Degree Sexual Abuse. Petitioner filed his petition for habeas relief in this Court on May 16, 2018, almost two years later. Therefore, this Court lacks jurisdiction to entertain Petitioner's claim. *Wilson,* 689 F.3d

4

at 336 (holding that a petitioner is not "in custody" for a conviction when the sentence imposed for that conviction has fully expired at the time the petition is filed).

Although Petitioner does not explicitly argue that his reporting obligations under West Virginia's sex offender registration laws provide a basis for him to challenge his conviction for First Degree Sexual Abuse, the undersigned will address that argument as Petitioner is currently serving a sentence for the felony offense of Failure to Register as a Sex Offender in violation of West Virginia law. (ECF No. 10-1 at 30-47). In *Wilson v. Flaherty, supra,* the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") addressed that precise argument. Wilson was one of four men convicted of a rape and murder in Virginia in 1999; he was released from custody in 2005 after fully serving his sentence. *Wilson,* 689 F.3d at 333. Following his conviction, but before his release, an investigation into the evidence called into question the validity of the prosecution. Wilson and his co-defendants petitioned the Governor of Virginia for pardons on the ground of innocence, but Wilson was released from prison before the pardon was reviewed. Ultimately, his pardon was denied, because of his release. Another individual was later identified by DNA evidence as the perpetrator of the rape and murder. He later confessed and was convicted of the crimes. Notwithstanding the other man's confession and conviction, Wilson was still required to register as a sex offender, because his 1999 rape conviction had not been set aside. *Id.* at 334.

In March 2010, more than five years after his sentence was fully served, Wilson filed a petition for a writ of habeas corpus in federal court, challenging his rape conviction on the basis that he was actually innocent of the crime. He asked that the conviction be declared null and void; that he be released from the obligations associated with being labeled a sex offender; and that his record be expunged. In turn, the Respondent moved

the court to deny the petition and dismiss the case, asserting that the federal court lacked subject matter jurisdiction to hear the petition, because Miller was no longer in custody on the conviction he attacked. *Wilson,* 689 F.3d at 334. Wilson countered the Respondent's motion by arguing that the "substantial restraints" placed on his liberty by sex offender registration statutes were the equivalent of being "in custody"; accordingly, he satisfied the jurisdictional requirements of § 2254. Wilson added that the constraints associated with sex offender registration statutes were far more onerous than the normal collateral consequences that accompanied a felony conviction, not the least of which was that his failure to register subjected him to criminal penalties under both federal and state law.

The Fourth Circuit rejected Wilson's argument, explaining that it was "undisputed that Wilson fully served his sentence and was *unconditionally* released from custody." *Id.* at 336 (emphasis in original). Accordingly, no conditions of his sentence remained that could subject him to reincarceration or impose a restraint on his liberty. The sex offender registration requirements were not a sentence condition; instead, they were independent requirements imposed as a collateral consequence of his rape conviction. The Court clarified that the "in custody" requirement of § 2254 was intended to limit the federal habeas remedy to those petitioners suffering a "present restraint from a conviction." *Id.* To allow otherwise would render the "in custody" language meaningless. *Id.* at 337 ("If we were to find that the requirements of those statutes were not in fact collateral consequences, then we would be holding that any convicted sex offender could challenge his conviction 'at any time on federal habeas,' with the consequence that the in-custody requirement of § 2254 would be read out of the statute. *Maleng* unambiguously rules out such a result.") (internal citation omitted). Thus, under § 2254(a), once the sentence

imposed for the challenged conviction has completely expired, "the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purpose of a habeas attack upon it." *Id.* at 336  (quoting *Maleng*, 490 U.S. at 492).

As the Fourth Circuit pointed out in *Wilson,* "the Supreme Court has never held that a defendant is in custody for habeas purposes when the sentence imposed for the conviction has fully expired at the time the petition is filed." *Wilson,* 689 F.3d at 337. Moreover, courts of appeals other than the Fourth Circuit, which have explicitly addressed the issue of whether petitioners subject to sex offender registration statutes were "in custody" for federal habeas purposes, have concluded that they were not. *See Hautzenroeder v. Dewine*, 887 F.3d 737, 741 (6th Cir. 2018); *Bonser,* 659 Fed. Appx. at 128; *Calhoun v. Att'y Gen of Colo.,* 745 F.3d 1070, 1074 (10th Cir. 2014); *Sullivan v. Stephens*, 582 F. App'x 375 (5th Cir. 2014); *Virsnieks v. Smith,* 521 F.3d 707, 717–20 (7th Cir.2008); *Leslie v. Randle,* 296 F.3d 518, 521-23 (6th Cir. 2002); *Zichko v. Idaho,* 247 F.3d 1015, 1019 (9th Cir. 2001). Here, as Petitioner was not in custody at the time the instant petition was filed, this Court lacks jurisdiction to consider Petitioner's claim.

Lastly, the undersigned has considered whether Petitioner can pursue his claim through a petition for a writ of *coram nobis*. A writ of *coram nobis* "affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody." *Wilson,* 689 F.3d at 339 *("[C]oram nobis* 'provides a remedy for those suffering from the lingering *collateral consequences* of an unconstitutional or unlawful conviction based on errors of fact and egregious legal errors.'") (citation omitted). Accordingly, a petition for a writ of *coram nobis* may potentially provide a legal remedy for Petitioner to investigate. Nevertheless, the law is well settled that a petition for a writ of *coram nobis*

"is not available in federal court to attack state criminal judgments." *Patterson v. McGraw,* No. 2:13-cv-03825, 2014 WL 989200, at *3 (S.D.W. Va. Mar. 13, 2014) (citing *Sinclair v. State of La.,* 679 F.2d 513, 514 (5th Cir 1982) and collecting cases); *also, Farabee v. Baskervill,* No. 2:15cv332, 2015 WL 13066123, at *1 (E.D. Va. Jul. 28, 2015) (holding that "[a] writ of error coram nobis can only issue to aid the jurisdiction of the court in which the conviction was had" ... as this Court did not issue the conviction, this Court does not have jurisdiction to issue a writ of coram nobis in Petitioner's criminal case."). Given that Petitioner attacks a conviction entered by the Circuit Court of Kanawha County, West Virginia, this federal district court **is not** the proper forum in which to file a petition for a writ of *coram nobis* should Petitioner seek to pursue one.

Therefore, for the foregoing reasons, the undersigned **FINDS** that Petitioner was not in custody on the challenged conviction at the time he filed his petition for federal habeas relief. As such, this Court lacks jurisdiction to consider his petition filed pursuant to 28 U.S.C. § 2254(a), and the petition should be dismissed.

## IV.  <u>Proposal and Recommendations</u>

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 2), be **DENIED**, as moot; Petitioner's Petition for a Writ of Habeas Corpus by a Person in State Custody, (ECF No. 1), be **DENIED**; and this action be **DISMISSED, with prejudice**, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code,

Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, The parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Copenhaver, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** September 5, 2018

Cheryl A. Eifert
United States Magistrate Judge

9